JAMES A. STEVENS *vs.* ANDROSCOGGIN WATER POWER COMPANY.

*Acceptance of a conditional order—effect of.*

An acceptance of a bill or order may be absolute or conditional.

A conditional acceptance becomes absolute upon the performance or happening of the condition.

An acceptance to pay if on settlement "there is anything over," becomes on settlement an acceptance for what balance may be due, if the condition is assented to by the holder.

ON FACTS AGREED.

ASSUMPSIT upon an order, copied into the opinion, one of several drawn by James Hibbard upon the defendants. The company acknowledged the reception of this order in two letters, one of which appears in the opinion, both promising, in effect, to pay, upon final settlement, whatever balance was found due Hibbard, so far as necessary to cancel his orders. The defendants kept this order in their possession. March 25, 1873, A. S. Bean sued Hibbard, and summoned the company as his trustee, to recover $356.70, for groceries. The defendants notified Mr. Stevens' attorneys, on the twenty-eighth day of April, 1873, that this trustee suit would be entered at the September term of court, when they would make a full statement of the orders, and leave the matter to the determination of the court. Before the time for entry of this trustee suit arrived, it was settled by the parties, the trustee paying in accordance with Hibbard's directions, the amount claimed therein, without notifying the plaintiff of their intention, or that they had done so. At the time of this settlement there was due Hibbard from the company, four hundred and four dollars and forty-seven cents, out of which they paid Mr. Bean his debt and costs, three hundred and sixty-nine dollars and fifteen cents, and on the second day of August, 1873, they paid Hibbard the balance, thirty-five dollars and thirty-two cents.

The court was to enter such judgment as these facts require.

*Record & Hutchinson*, for the plaintiff.

This order was accepted in writing, upon a contingency which happened, and thereupon the defendants became absolutely bound. The language of this acceptance is to be "most strongly" construed against the acceptors. *Sylvester v. Staples*, 44 Maine, 496; *Townsley v. Sumrall*, 2 Peters, 170. Their payments to Bean and to Hibbard were in direct violation of their agreement with the plaintiff. *Phillips v. Frost*, 29 Maine, 77; *Clark v. Cook*, 4 East, 57.

*Frye, Cotton & White*, for the defendants.

There was no acceptance. The minds of the parties never assented to the same proposition in the same sense. What Hibbard, by his order requested, the defendants never consented to do, but proposed something else, to which the plaintiff did not assent. The condition precedent was, that there should, upon final settlement, be found in their hands funds sufficient to meet all Hibbard's orders,—not merely this one; and there is no evidence that this contingency happened.

The intervention of the trustee process before any final settlement prevented the carrying out of the terms proposed in the defendants' letters, the same not having been then accepted by the plaintiff.

APPLETON, C. J. This is an action of assumpsit against the defendants, as acceptors of the following order, drawn on them by James Hibbard.

"SHELBURNE, Feb. 25, 1873.

ANDROSCOGGIN WATER POWER CO.,

EDWARD PLUMMER, Agent.

Please pay to James A. Stevens, for cutting and hauling lumber, the sum of one hundred and thirty-four dollars, and charge the same to my account. JAMES HIBBARD."

In answer to a letter from the plaintiff, the defendants on March 18, 1873, wrote the following letter to him:

"LISBON FALLS, ME., March 18, 1873.

MR. JAMES A. STEVENS,

DEAR SIR: Yours of the thirteenth inst., is received. We shall not pay any orders of Mr. Hibbard until we settle with him. If there is anything over, I will keep it back for the purpose.

Yours truly,    E. PLUMMER, Agent."

The order of Feb. 25 was retained by the defendants in their possession. On March 25, 1873, the defendants were summoned as trustees of James Hibbard, in a suit in which one Bean was plaintiff, returnable at the September term of the Supreme Judicial Court for the county of Androscoggin, and for the sum of $356.70. On April 28, 1873, the plaintiff's attorneys were notified that this action would be entered at the September term, and that the trustee would make a full statement as to all orders drawn, and leave the question of liability to the decision of the court. Prior, however, to the September term, Hibbard settled the suit of Bean, and directed the defendants to pay the amount due, without notifying the plaintiff in this suit. At the time of this settlement there were due Hibbard from the defendants, four hundred and four dollars and forty-seven cents, out of which sum they paid Bean three hundred and sixty-nine dollars and fifteen cents, and the balance of thirty-five dollars and thirty two cents they paid Hibbard. This payment was on August 2, 1873.

An acceptance may be absolute or conditional. A conditional acceptance at once becomes absolute upon the performance or happening of the condition.

In the present case the defendants' promise is to pay if in settlement "there is anything over." When the acceptance is conditional, the holder may accept or refuse the offer. The plaintiff acceded to the proposition of the defendants—permitted the order to remain with them, and did not sue out a trustee writ, by which his whole debt would have been secured. There was a settlement and the amount due exceeded the amount of Hibbard's order. The defendants then became liable, and this liability, conditional in the first instance, accrued long before the trustee suit of Bean.

The payment to Bean by the defendants was in their own wrong, and cannot defeat the prior right of the plaintiff.

*Defendants defaulted.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.